VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.        23-AP-022

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

# ENTRY ORDER

AUGUST TERM,   2023

In re Edward Johnson\*

} APPEALED FROM:
} Superior Court, Washington Unit,
} Civil Division
} CASE NO. 22-CV-04094
Trial Judge: Timothy B. Tomasi

In the above-entitled cause, the Clerk will enter:

Petitioner Edward Johnson appeals the trial court's decision granting the State's motion to dismiss his petition for post-conviction relief (PCR).  We affirm.

In April 2010, following a jury trial, petitioner was convicted of two counts of lewd and lascivious conduct in violation of 13 V.S.A. § 2601.  He was sentenced in August 2010. Petitioner filed a direct appeal of that conviction, and this Court affirmed.  State v. Johnson, No. 2010-480, 2011 WL 6003879, at \*2 (Vt. Nov. 9, 2011) (unpub. mem.) [https://perma.cc/F3HT-72PM].

In May 2012, petitioner filed his first PCR petition.  The court dismissed it in September 2012.  Petitioner filed his second PCR petition in July 2019.  The parties ultimately filed cross-motions for summary judgment, and the court issued a final order granting judgment to the State in October 2020.  Petitioner appealed that decision, and this Court affirmed.  In re Johnson, No. 2020-298, 2021 WL 2545342, at \*3 (Vt. Apr. 9, 2021) (unpub. mem.).

Petitioner filed the current PCR petition, his third, in November 2022.  The State moved to dismiss, arguing that this was a successive petition barred by 13 V.S.A. § 7134 and principles regarding abuse of the writ of habeas corpus because all the claims in this petition were, or could have been, raised previously.  In January 2023, the trial court dismissed the petition "on the grounds set out in the State's motion."  This appeal followed.

In his appellate brief, petitioner states that he is asking this Court "for a chance" and wants the Court to "hear [his] complaint."  However, petitioner makes no arguments whatsoever, cites no legal authority or any part of the record, and does not even suggest any error in the trial court's decision.  Petitioner bears the burden "to demonstrate how the lower court erred warranting reversal" and this Court "will not comb the record searching for error."  In re S.B.L., 150 Vt. 294, 297 (1988); see also V.R.A.P. 28(a) (appellant's brief shall contain concise statement of case and specific claims of error, contentions of appellant, and citations to

authorities, statutes, and parts of record relied on).  "Even with the wider leeway afforded to pro se litigants, [petitioner's] argument[s] do[ ] not meet the minimum standards required by Vermont Rule of Appellate Procedure 28(a)(4)," so we cannot consider them.  Pcolar v. Casella Waste Sys., Inc., 2012 VT 58, ¶ 19, 192 Vt. 343 (quotation omitted).

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
William D. Cohen, Associate Justice

_____
Nancy J. Waples, Associate Justice